UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

LARRY B. LINDSEY,

                              Petitioner,

              -v.-                                    9:07-CV-1100
                                                      (GLS)(DRH)
RENSSELAER COUNTY SHERIFF,

                              Respondent.

─────────────────────────────────

APPEARANCES:

LARRY B. LINDSEY
1019661
Rensselaer County Jail
4000 Main Street
Troy, New York 12180
Petitioner *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

        Currently before the Court is Petitioner Larry B. Lindsey's amended

petition.  Dkt. No. 15.  The amended petition was submitted by Lindsey in

compliance with the Order of this Court filed on December 12, 2007. Dkt. No.

11 ("December Order").

        In his amended petition, Lindsey complains of a judgment of conviction

1

rendered in Rensselaer County Court wherein Lindsey was found guilty by a

jury of aggravated harassment in the second degree, criminal contempt in the

first degree, and criminal contempt in the second degree.  Dkt. No. 15 at 1.

Lindsey states that he did not appeal from the judgment of conviction.  *Id.* at

2.  Lindsey alleges that on October 22, 2007, he filed a motion to set aside

the verdict pursuant to New York Criminal Procedure Law 440 ("CPL 440

motion"), which was denied by the trial court.  *Id.* at 3.  It does not appear that

Lindsey sought leave to appeal from the denial of his CPL 440 motion.  *Id.*

28 U.S.C. § 2254 provides, in salient part:

   (b)(1) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the judgment
of a State court shall not be granted unless it appears that --

      (A)  the applicant has exhausted the
      remedies available in the courts of the
      State...

28 U.S.C. § 2254(b)(1)(A) (emphasis added).  This statute "embodies the

long-established principle that a state prisoner seeking federal habeas review

of his conviction ordinarily must first exhaust available state remedies." *Daye*

*v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir.

1982) (en banc).  The exhaustion doctrine provides that "a habeas petitioner

seeking to upset his state conviction on federal grounds must first have given

2

the state courts a fair opportunity to pass upon his federal claim." *Id.* at 191

(citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994)

("a federal court may not review the substantive merits of an applicant's

claims for collateral relief unless 'the applicant has exhausted the remedies

available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509,

510 (1982)).  This requirement that federal courts not exercise habeas review

of a state-court conviction unless the state courts have first had an

opportunity to consider and correct any violation of federal law "expresses

respect for our dual judicial system and concern for harmonious relations

between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations

omitted).  "The chief purposes of the exhaustion doctrine would be frustrated

if the federal habeas court were to rule on a claim whose fundamental legal

basis was substantially different from that asserted in state court." *Id.*

(footnote omitted).

In certain limited circumstances, exhaustion may be excused.

28 U.S.C. § 2254(b)(1)(B) states that state court remedies need not be

exhausted if "there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights

of the applicant."  In this case, Lindsey seems to argue that he did not appeal

3

from his criminal conviction because the state court judge denied him a copy of the decision and order.  Dkt. No. 15 at 5.  A "[p]etitioner cannot qualify for that narrow exception for cases in which available state remedies are 'ineffective' simply by demonstrating that his access to one state remedy has been obstructed."  *Pidgeon v. Attorney General of State of N.Y.*, 655 F.Supp. 333, 335-36 (S.D.N.Y. 1987).  Instead, a petitioner "must show that all available state procedures have been rendered ineffective, resulting in 'a complete absence of effective state appellate process.'"  *Booker v. Kelly*, 636 F.Supp. 319, 321 (W.D.N.Y. 1986) (citation omitted).  Lindsey has not made such a showing.  Moreover, Lindsey has failed to explain why he did not seek leave to appeal from the denial of his CPL 440 motion.

Since it is clear that Lindsey has not fully exhausted his state-court remedies prior to commencing this action, the Court must dismiss the petition **without prejudice** to Lindsey filing a new petition **after he has fully exhausted all of the state-court remedies available to him**.

WHEREFORE, it is hereby

ORDERED, that Lindsey's habeas petition is dismissed without

prejudice for the reasons set forth above,[1] and it is further

ORDERED, that the Clerk serve a copy of this Order on Lindsey in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:      January 7, 2008

Gary L. Sharpe
U.S. District Judge

---

[1] Lindsey is advised that he must file his petition for habeas relief within one year of the judgment of conviction becoming final. A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *See Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where . . . the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed . . ."). However, section 2244(d)(2) of Title 28 of the United States Code provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To avoid any problems with the statute of limitations, Lindsey should file any renewed § 2254 habeas petition **promptly** after he exhausts his state court remedies.